JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a)  PLAINTIFFS

Financials Restructuring Partners II, Ltd. and HoldCo Advisors, L.P.

## DEFENDANTS

Federal Deposit Insurance Corporation

**(b)** County of Residence of First Listed Plaintiff   Foreign Entity
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Palm Beach
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attachment

Attorneys *(If Known)*
Unknown

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
**Other:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee – Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☒ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S) *(See instructions):*

a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO

JUDGE _____     DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity):*
12 U.S.C. 1821 (d)(6) - determination of proof of claim disallowed in bank receivership

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 4,296,253.00   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE
December 20, 2013

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   IFP _____   JUDGE _____   MAG JUDGE _____

## <u>CIVIL COVER SHEET ATTACHMENT</u>

<u>Counsel for Plaintiffs</u>:

Seth B. McCormick
Brown Legal Advisors, LLC
1253 W. Foster Ave., Suite 3E
Chicago, IL 60640
Tel. (773) 527-0585
seth@brownlegal.net


Scott A. Underwood
Florida Bar No: 0730041
John D. Emmanuel
Florida Bar No:  475572
Fowler White Boggs P.A.
1200 East Las Olas Boulevard
Suite 500
Fort Lauderdale, Florida 33301
Tel. (954) 703-3900
Fax. (954) 703-3939
Scott.Underwood@fowlerwhite.com
Emmanuel@fowlerwhite.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____-CV-_____

FINANCIALS RESTRUCTURING
PARTNERS II, LTD., and HOLDCO
ADVISORS, L.P. as manager and power of
attorney for Financials Restructuring Partners
II, Ltd.,

                Plaintiffs,

vs.

FEDERAL DEPOSIT INSURANCE
CORPORATION,

                Defendant.

## COMPLAINT

Plaintiffs Financials Restructuring Partners II, Ltd. ("FRP"), and HoldCo Advisors, L.P.,

as manager and power of attorney for FRP ("HoldCo", and together with FRP, "Plaintiffs"),

hereby allege for this Complaint, upon knowledge of its own acts and upon information and

belief as to all matters, as follows:

### Nature of Relief

1.      This is a complaint to determine a claim filed by FRP against the receivership of

Sterling Bank of Lantana, Florida (the "Bank").

### Parties

2.      Plaintiff FRP is a limited liability company organized under the laws of the

Cayman Islands.  FRP owns $4 million in principal of Floating Rate Junior Subordinated

Debentures due September 15, 2015 (the "Debentures") issued by the Bank.  Plaintiff HoldCo is

a Delaware limited liability partnership acting as manager and power of attorney for FRP.

3.      Defendant Federal Deposit Insurance Corporation (the "FDIC") is the federal agency that, among other things, administers the Federal Deposit Insurance Act and the federal bank insurance system.  On July 23, 2010, the FDIC was appointed receiver for the Bank.

## Jurisdiction and Venue

4.      This Court has jurisdiction over this matter pursuant to 12 U.S.C. § 1821 (d)(6) and 28 U.S.C. § 1334.

5.      Venue of this action in this District is proper pursuant to 12 U.S.C. § 1821 (d)(6) and 28 U.S.C. § 1391(e).

## Background

6.      On or about September 22, 2005, the Bank issued the Debentures.  FRP is presently the holder of $4 million in principal of the Debentures.

7.      The Bank, as a chartered depository institution in the state of Florida, was subject to regulation, examination, and oversight by the Florida Office of Financial Regulation ("FOFR") and the FDIC.

8.      On July 23, 2010 (the "Receivership Date"), the Bank was closed by the FOFR and the FDIC was appointed receiver for the Bank.  As such, pursuant to 12 U.S.C. § 1821 (d)(2)(A)(i), the FDIC succeeded to all of the rights, titles, and interest in and to the assets of the Bank.  Unless otherwise indicated, references to the FDIC on or after the Receivership Date shall be as receiver for the Bank.

9.      As further described below, FRP asserted timely claims against the receivership by filing a proof of claim.  (*See* FRP Proof of Claim, attached as <u>Exhibit 1</u>).

10.     In a letter dated October 23, 2013, the FDIC purported to deny FRP's proof of claim. (*See* FDIC October 23, 2013 letter, attached as <u>Exhibit 2</u>).

**FRP's Proof of Claim**

11.     On January 28, 2013, the FDIC sent Plaintiffs a letter instructing them to file a proof of claim on FRP's behalf by April 29, 2013. (*See* FDIC January 28, 2013 letter, attached as Exhibit 3).

12.     FRP timely filed its proof of claim on April 29, 2013.

13.     FRP's proof of claim asserted the $4 million principal amount of the Debentures, as well as all accrued and unpaid interest, fees and expenses, and any and all other amounts owing on account of the Debentures.  In addition, FRP reserved the right to assert other claims that it has or may have against the Bank or the FDIC, including but not limited to costs of collection and other expenses incurred prior to payment in full of its claims.

**Fees, Costs, and Expenses**

14.     As a direct result of the actions of the FDIC, FRP and HoldCo have been forced to incur, and will continue to incur, substantial fees, costs, and expenses, including without limitation professional fees, costs, and expenses.  These fees, costs, and expenses relate to the actions and proceedings that have been, or will be, commenced in connection with the FDIC receivership of the Bank.  As a result, FRP asserts claims against the Bank for all such fees, costs, and expenses incurred on or after the commencement of the FDIC receivership forward, until such time as those fees, costs, and expenses are paid in full with interest to the extent permitted by law.

**The FDIC's Denial of FRP's Proof of Claim**

15.     In a letter dated October 23, 2013, the FDIC provided FRP with a one-page cursory form notice that FRP's claims had been disallowed for the following reasons:

> The Proof of Claim fails to state a provable claim against FDIC as Receiver for Sterling Bank since (i) the Subordinated Debenture is a valid and

enforceable subordinated obligation of the failed bank; (ii) Sterling Bank did not have the option to pay or not pay the Subordinated Debenture at its election; (iii) restrictions on acceleration and payment do not make the obligation payable only at Sterling Bank's option but rather only restricts Claimant's remedies; and (iv) Sterling Bank's liability under the Subordinated Debenture was not reflected on the books and records of the bank as a deposit and FDIC-R is entitled to rely on the notice set forth in the heading of the Subordinated Debentures that the debentures is not a deposit.

Ex. 2 at 1.

16.     The October 23, 2013 letter provides no further detail, explanation, basis, analysis, citation, or reason for the FDIC's denial of FRP's claims.

17.     12 U.S.C. § 1821(d)(6) provides that a claimant may either (i) request an administrative review of the FDIC's disallowances of its claims or (ii) file suit in the district court for the district where the Bank's principal place of business is located.  The October 23, 2013 letter states that the FDIC will not agree to an administrative review of the FDIC's disallowance of FRP's claims.  *See* Ex. 2, at 1.  Instead, the letter instructs FRP that if it did not file a lawsuit within sixty days of the October 23, 2013 letter, the FDIC's purported disallowance would be final.  Accordingly, FRP timely filed this suit.

**COUNT I**

**DETERMINATION OF PROOF OF CLAIM**

18.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

19.     12 U.S.C. § 1821 (d)(2)(H) provides that the FDIC "shall pay all valid obligations of the insured depository institution in accordance with the prescriptions and limitations of this chapter."

20.     FRP seeks a determination pursuant to 12 U.S.C. § 1821 (d)(6) on the claims contained in its proof of claim filed against the receivership.

21.     Each claim in FRP's proof of claim described herein is a valid and proven claim which should be allowed by law.

WHEREFORE, Plaintiffs respectfully request relief as follows:

(i)     An order that FRP's claims in its proof of claim described herein are valid and proven against the receivership;

(ii)    An order directing the FDIC to recognize, allow, and pay the claims in FRP's proof of claim from the assets of the receivership pursuant to 12 U.S.C. § 1821(d);

(iii)   An order directing the FDIC to provide Plaintiffs with an accounting of the disposition of the assets of the receivership if any claim is not satisfied in full;

(iv)    Award Plaintiffs costs and attorneys fees as may be permitted by law;

(v)     Award Plaintiffs pre- and post-judgment interest to the maximum extend permitted by law; and

(vi)    Award Plaintiffs such other relief as is just and proper under the circumstances.

Dated: December 20, 2013

Respectfully Submitted,


/s/  Scott Underwood
Scott A. Underwood, Esq.
Florida Bar No.:  0730041
John D. Emmanuel, Esq.
Florida Bar No.:  475572
Fowler White Boggs P.A.
1200 East Las Olas Boulevard
Suite 500
Fort Lauderdale, Florida 33301
Tel. (954) 703-3900
Fax. (954) 703-3939
Scott.Underwood@fowlerwhite.com
Emmanuel@fowlerwhite.com

-and-

5

Seth B. McCormick
Brown Legal Advisors, LLC
1253 W. Foster Ave., Suite 3E
Chicago, IL 60640
Tel. (773) 527-0585
seth@brownlegal.net
Counsel for FINANCIALS
RESTRUCTURING PARTNERS II, LTD.,
and HOLDCO ADVISORS, L.P. as
manager and power of attorney for
Financials Restructuring Partners II, Ltd.

46143447v1